Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o                16 Civ.
EXPORTADORA FRUIT GROWERS CHILE, S.A.
and a/s/o NORTH BAY PRODUCE, INC.,
                                                                              **COMPLAINT**
            Plaintiff,

    - against -

MSC MEDITERRANEAN SHIPPING COMPANY
S.A.,

            Defendant.
------------------------------------------------------------------X

Plaintiff, MUND & FESTER GMBH & CO. KG a/s/o EXPORTADORA FRUIT GROWERS CHILE, S.A. and a/s/o NORTH BAY PRODUCE, INC., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC Line bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this jurisdiction.

## PARTIES

2. At all material times, MUND & FESTER GMBH & CO KG (hereinafter "M&F" or "Plaintiff") was and is a corporation with an office and place of business located at Trostbrucke 1, 20457 Hamburg, Germany, and is the subrogated underwriter of the consignment of fresh Blueberries, as more specifically described below.

3. At all material times, Exportadora Fruit Growers Chile, S.A., (hereinafter "Chile" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Los Conquistadores 1700, Providencia, Santiago, Chile and was the owner and/or shipper of the consignment of fresh Blueberries, as more specifically described below.

4. At all material times, North Bay Produce, Inc.. (hereinafter "North Bay" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1771 North US 31 South, Traverse City, MI 49684 and was the owner and/or consignee of the consignment of fresh Blueberries, as more specifically described below.

5. At all material times, defendant, MSC Mediterranean Shipping Company S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A CAUSE OF ACTION

7. On or about November 28, 2014, a consignment consisting of 4754 Cases of fresh Blueberries, laden in container number CXRU 1432405, then being in good order and condition, was delivered to the M/V MSC FEDERICA and to MSC and/or its agents in Santiago, Chile for transportation to Pt. Everglades, Florida, in consideration of an agreed upon freight, pursuant to MSC bill of lading number MSCUTJ868417.

8. MSC contracted to maintain a supply air temperature of -0.5°C within the refrigerated container at all times the container was in the care custody and control of MSC.

9. Thereafter, the aforementioned container was loaded aboard the M/V MSC FEDERICA and the vessel departed Santiago, Chile.

10. On December 11, 2014 the vessel arrived in Freeport, Bahamas where the subject container was discharged for transshipment to Pt. Everglades.

11. On December 13, 2014 the subject container was loaded on board the M/V DIAMATIS P for carriage to Pt. Everglades, Florida.

12. On or about December 14, 2014 the aforementioned container was discharged from the carrying vessel in Port Everglades and on December 16, 2014 the cargo was cleared by U.S. Customs.

13. Due to an on-going strike by truckers in Southern Florida, the container remained at the marine terminal until December 23, 2014 when it was delivered to the receiver' warehouse in Miami, Florida.

14. Upon delivery, it was discovered that the Blueberries had sustained physical damage, due to the temperature abuse, which is indicative of MSC's failure to maintain proper temperatures within the container during the subject voyage.

15. As a result of the foregoing, the cargo was found to have sustained physical damage and it was unable to be sold at market value.

16. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unreasonable deviation and bailment on the part of the Defendant and/or its agents.

17. At all times relevant hereto, a contract of insurance for property damage was in effect between Chile, North Bay and M&F, which provided coverage for, among other things, loss or damage to the consignment.

18. Pursuant to the aforementioned contract of insurance between Chile, North Bay and M&F, monies have been expended on behalf of Chile and North Bay to the detriment of M&F due to the damages sustained during transit.

19. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

20. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $96,103.90.

**WHEREFORE,** Plaintiff prays:

1.	That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.	That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $96,103.90, together with interest, costs and the disbursements of this action; and

3.	That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       February 22, 2016
       260-200

                                    CASEY & BARNETT, LLC
                                    Attorneys for Plaintiff

                            By:     *Martin F. Casey* (signature)
                                    Martin F. Casey
                                    305 Broadway, Ste 1202
                                    New York, New York 10007
                                    (212) 286-0225